UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH O. THOMPSON,

                Plaintiff,

       -against-

ELIZABETH DONOGHUE; ALTHEA
CHAMBERS; MAHANDRA PERSAUD,
ESQ.; HEANA RIVERA; THE CITY OF NEW
YORK,

                Defendants.

26-CV-4279 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* has filed a document that he styles as an "Emergency Application for Temporary Restraining Order and Preliminary Injunction," requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

In the motion, Plaintiff seeks injunctive and declaratory relief in the form of an order: (1) staying his May 27, 2026 eviction pending resolution of this case; (2) enjoining Defendant Rivera, a New York City marshal, from executing the warrant of eviction; (3) declaring the 14-Day Notice of Eviction void; (4) declaring that Defendant Chambers, who is seeking Plaintiff's

eviction in state court, does not have standing to pursue eviction; and (5) recusing Defendant Donoghue, a state court judge, from presiding over his eviction proceeding. (ECF No. 3.)

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. As the Court will explain in detail in a subsequent order, the relief that he seeks—this Court's intervention into his ongoing state-court eviction proceedings—is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, Plaintiff's request for preliminary relief (ECF No. 3) is denied.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF No. 3) is denied. The Clerk of Court is directed to terminate the motion pending at ECF No. 3.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 26, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

2