UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH O. THOMPSON,

Plaintiff,

-against-

ELIZABETH DONOGHUE; ALTHEA CHAMBERS; MAHANDRA PERSAUD, ESQ.; ILEANA RIVERA; THE CITY OF NEW YORK,

Defendants.

26-CV-4279 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se* and is proceeding *in forma pauperis* ("IFP"), that is, without prepayment of fees, brings this action under 42 U.S.C. § 1983, alleging that Defendants are violating his constitutional rights in the course of ongoing eviction proceedings against him in state court. He sues: (1) Elizabeth Donoghue, the housing court magistrate presiding over his eviction proceedings in Bronx County; (2) Althea Chambers, who is the party who brought the eviction petition against Plaintiff in state court; (3) Mahandra Persaud, an attorney representing Defendant Chambers in the eviction proceedings and who filed the eviction petition on Defendant Chambers' behalf; (4) Ileana Rivera, a marshal for the City of New York; and (5) the City of New York.

In the complaint, Plaintiff seeks several forms of injunctive relief, namely, an order: (1) staying the May 27, 2026, eviction pending resolution of this case; (2) enjoining Defendant Rivera from executing the warrant of eviction; (3) declaring the 14-Day Notice of Eviction void; (4) declaring that Defendant Chambers does not have standing to pursue eviction; and (5) recusing Defendant Donoghue from presiding over his eviction proceeding. (ECF No. 1, at 6.)

Plaintiff also filed a document that he styles as an "Emergency Application for Temporary Restraining Order and Preliminary Injunction," in which he sought the same injunctive and declaratory relief that he requested in the complaint. (ECF No. 3.) By order dated and entered May 26, 2026, the Court denied Plaintiff's request for preliminary relief because the relief that Plaintiff sought—intervention into his ongoing state-court eviction proceedings—was barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).[1] (ECF No. 5, at 2.) Plaintiff subsequently filed documents that he styles as a "Motion for Reconsideration and/or Clarification of Order Dated May 26, 2026" (ECF No. 9) and an "Application for Immediate Emergency Intervention and Restraint Pending TRO Decision" (ECF No. 15), both of which are pending.

For the following reasons, the Court: (1) dismisses the complaint under the *Younger* abstention doctrine, with 30 days' leave to replead to seek relief that is not barred by *Younger*, and (2) denies Plaintiff's motions.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

[1] In that order, the Court noted that it would explain the basis of its decision in detail in a subsequent order. This order explains the reasons for the denial of Plaintiff's motion.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[2] Plaintiff alleges that, during eviction proceedings that began in 2023 and are still ongoing, Defendant Donoghue, the state court magistrate, "evaded [his] orders to show cause and ignored [his] appeal that has yet to be perfected." (ECF No. 1, at 5.) Plaintiff contends that "Defendants"—he does not say which

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

ones—"held" the apartment's prior owner "against her will." (*Id.*) After the prior owner died, Defendant Chambers "transfer[red] the property without doctors and began a petition against [Plaintiff] in September 2023."[3] (*Id.*) Plaintiff appears to argue that Chambers is not a lawful heir of the apartment's prior owner and therefore has no legitimate interest in it. (*Id.*) He alleges that Donoghue, despite allegedly knowing that Chambers lacked standing to pursue Plaintiff's eviction, allowed the eviction proceeding to occur and ordered Defendant Rivera, the marshal, to effect the eviction. (*Id.*)

Plaintiff also adds allegations that Chambers forged a check in Plaintiff's name and that the apartment has not had heat or hot water for the three-year period since the previous owner died. (*Id.* at 6.)

Plaintiff demands the injunctive and declaratory relief set forth above.

## DISCUSSION

### A. The *Younger* abstention doctrine

In the complaint, Plaintiff demands several forms of relief, all of which would require this Court's intervention into ongoing eviction proceedings in state court.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973). *Younger* abstention is appropriate in only three categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that

[3] Plaintiff provides no explanation as to how or why doctors are involved in the transfer of a property lease.

implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*").

In *Sprint*, the United States Supreme Court held that, among other circumstances, the *Younger* abstention doctrine must be applied to federal-court actions that would, in the absence of this doctrine, intervene in state-court civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Id.*, 571 U.S. at 72-73. When a plaintiff "seek[s] injunctive relief relating to the same property that is the subject matter of the underlying state court action[,] [this] *Sprint* prong applies." *Ochei v. Lapes*, No. 19-CV-3700 (CM), 2020 WL 528705, at *4 (S.D.N.Y. Jan. 31, 2020) (quoting *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *4 (E.D.N.Y. Oct. 8, 2015)); *see, e.g.*, *Concepcion v. Westchase Residential Assist II LLC*, No. 15-CV-5679, 2016 WL 8711344, at *3 (E.D.N.Y. Sept. 30, 2016) (applying the *Younger* abstention doctrine to ongoing state-court foreclosure proceedings because, among other things, "the state courts undoubtedly offer an opportunity for judicial review of [plaintiff's] claims and avenues of appeal"); *Clark v. Bloomberg*, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (holding that the *Younger* abstention doctrine precludes a federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests, and there is no reason to doubt that the state proceedings provide [the plaintiff] with an adequate forum to make the arguments he seeks to raise in this court"). For those reasons, relying on *Younger*, courts in this District routinely abstain from interfering in ongoing state-court eviction proceedings. *See, e.g., Ochei*, 2020 WL 528705, at *4 (explaining that *Younger* prevents federal court intervention in state-court civil proceedings that implicate the State's interest in enforcing the orders and judgments of its courts, including an ongoing eviction

proceeding); *O'Neill v. Hernandez*, No. 08-CV-1689 (KMW), 2008 WL 2963634, at *1 (S.D.N.Y. Aug. 1, 2008) (noting that the plaintiff has "not alleged facts sufficient to show bad faith, harassment, or any other extraordinary circumstance that would justify Federal court interference with Plaintiff's State court eviction proceedings" under *Younger*).

Moreover, none of the exceptions to *Younger* abstention apply to this action. To establish the bad faith or harassment exceptions to the doctrine, the plaintiff must demonstrate that "the party bringing the state action [had] no reasonable expectation of obtaining a favorable outcome," *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994), but instead brought the action with "a retaliatory, harassing, or other illegitimate motive," *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). A proceeding brought for a legitimate purpose but "unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Id.* (citing *Schlagler v. Phillips*, 166 F.3d 439, 441 (2d Cir. 1999)). Plaintiff argues that he falls within these exceptions because the state court denied his orders to show cause and the landlord forged his name, committed fraud, and tampered with his mail. (ECF No. 9 at 2). Plaintiff has not shown, however, that the state court proceeding itself was brought for an illegitimate purpose or with "no reasonable expectation of obtaining a favorable outcome." Accordingly, the bad faith and harassment exceptions do not apply.

The special circumstances exception applies when "the state court [is] incapable of fairly and fully adjudicating the federal issues before it." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Such circumstances are special or extraordinary "in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a

highly unusual factual situation."[4] *Id.* at 125. In arguing that his circumstances fall within this category, Plaintiff alleges a deed fraud investigation, a lack of heat, the absence of letters testamentary, and federal crimes. (ECF No. 9 at 2). Plaintiff does not provide a factual basis for this Court to infer that the state court is unable to adjudicate these issues. Nor could he, as there is "no reason to doubt that the state proceedings provide [plaintiff] with an adequate forum to make the arguments he seeks to raise in this court." *Clark*, 2010 WL 1438803, at *2; *see also Concepcion v. Westchase Residential Assist II LLC*, No. 15-CV-5679, 2016 WL 8711344, at *3 (E.D.N.Y. Sept. 30, 2016) (applying *Younger* to a federal-court challenge to a foreclosure and finding that "the state courts undoubtedly offer an opportunity for judicial review of [plaintiff's] claims and avenues of appeal"). The *Younger* abstention doctrine therefore bars this Court's intervention into Plaintiff's ongoing eviction proceedings in state court.

Because Plaintiff alleges nothing to suggest that there are grounds under the *Younger* abstention doctrine to justify this Court's interference in his ongoing state-court eviction proceeding, the Court cannot grant Plaintiff the injunctive and declaratory relief he seeks. The Court therefore abstains, as it must under the *Younger* abstention doctrine, from exercising jurisdiction of this action. The Court nevertheless grants Plaintiff 30 days' leave to amend his complaint to seek relief that is not barred by *Younger*.[5]

---

[4] *Kugler* addresses special circumstances in the context of criminal prosecutions; however, the same standard applies to civil proceedings. *See Moore v. Sims*, 442 U.S. 415, 433 (1979).

[5] *Younger* abstention is not appropriate with respect to claims for money damages. *See Kirschner v. Klemons,* 225 F.3d 227, 238 (2d Cir. 2000) (explaining that *Younger* "abstention and dismissal are inappropriate when [monetary] damages are sought, even when a pending state proceeding raises identical issues and [federal courts] would dismiss otherwise identical claims for declaratory and injunctive relief"). However. to the extent that the Plaintiff will seek monetary relief in his amended complaint, he may not assert any claims for monetary relief against Defendant Donoghue, the judge, related to her conduct in his eviction proceedings. Any such claims would be barred by the doctrine of judicial immunity, and the Court therefore denies

**B. Plaintiff's motion**

Plaintiff also filed a document that he titles as a "Motion for Reconsideration and/or Clarification of Order Dated May 26, 2026" (ECF No. 9) and an "Application for Immediate Emergency Intervention and Restraint Pending TRO Decision" (ECF No. 15.), in which he challenges the Court's denial of his motion for preliminary relief. He does not appear to contest that *Younger* abstention generally applies to ongoing state-court eviction proceedings, but he argues that, in this case, the Court failed to consider the exceptions to *Younger* abstention, which the Court has addressed above and which he says apply. (*Id.*)

The Court liberally construes these submissions as a single motion for reconsideration under Local Civil Rule 6.3 and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

**1. Motion for Reconsideration under Local Civil Rule 6.3**

A party who moves for reconsideration under Local Civil Rule 6.3 must show that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be

---

Plaintiff leave to assert claims for monetary relief against this judge related to her conduct in his eviction proceedings.

narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment."

As explained above, none of the exceptions to *Younger* abstention are present in this action. Plaintiff has therefore failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the denial of his motion for preliminary relief. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**2. Motion for Relief under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**C. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims that are not barred by *Younger*, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Following the Court's screening of Plaintiff's complaint, filed under 28 U.S.C. § 1915, the Court concludes that it must abstain from exercising jurisdiction under the *Younger* abstention doctrine. The complaint is therefore dismissed. The Court grants Plaintiff 30 days' leave to replead to seek relief that is not barred by *Younger*. An amended complaint form is attached to this order.

The Court denies Plaintiff's motion for reconsideration under Local Civil Rule 6.3 and motion for relief under Rule 60(b). The Clerk of Court is directed to terminate the motions pending at ECF Nos. 9 and 15.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 27, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

____________________________________________

____________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

____________________________________________

____________________________________________

____________________________________________

____________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ______________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

__________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________________, is a citizen of the State of
(Defendant's name)

__________________________________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

__________________________________________________.

If the defendant is a corporation:

The defendant, ________________________________, is incorporated under the laws of

the State of ________________________________________

and has its principal place of business in the State of ________________________________

or is incorporated under the laws of (foreign state) ________________________________

and has its principal place of business in ________________________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

____________________________________________________________________________
First Name Middle Initial Last Name

____________________________________________________________________________
Street Address

____________________________________________________________________________
County, City State Zip Code

______________________________ ________________________________________
Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ________________________________

First Name Last Name

________________________________

Current Job Title (or other identifying information)

________________________________

Current Work Address (or other address where defendant may be served)

________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ________________________________

Date(s) of occurrence: ________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.